IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV238-MU

| | |
|---|---|
| ALFRED T. THOMAS and ) <br> RANDY L. THOMAS as ) <br> Guardian *Ad Litem* ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHARLOTTE-MECKLENBURG BOARD ) <br> OF EDUCATION, RAYMOND GIOVANELLI, ) <br> MUFFET GARBER, MICHELE E. MORRIS, ) <br> and MARIA B. PETREA ) <br> ) <br> Defendants. ) <br> _____) | **ORDER** |

**THIS MATTER** is before this Court upon Defendant's "Motion to Dismiss" (Document #5). Defendant contends that Plaintiff's claim should be dismissed pursuant to Rule 17(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I. BACKGROUND**

Plaintiff's son, Alfred Thomas, is a student at Elizabeth Traditional Elementary School. Defendant Raymond Giovanelli is the principal at Elizabeth. Defendant Muffet Garber is the Associate Superintendent for Educational Services for the Charlotte Mecklenburg School System. Defendant Michele Morris is the Associate General Counsel for the Charlotte Mecklenburg School System, and Defendant Maria B. Petrea is the principal at Collinswood Elementary School, Plaintiff's previous elementary school.

Plaintiff alleges that for a long time, the Defendants denied his son the chance to qualify

for the school's Talent Development program. Complaint, page 6. In February 2006, Alfred was tested for the Talent Development program, but his scores did not qualify him for admission to the program. Id. page 9. Plaintiff argues that his son, Alfred, has been"regarded as a student with a disability and never as a student with many abilities and talents." Id.

**II. DISCUSSION**

A motion to dismiss for failure to state a claim upon which relief may be granted should be allowed if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. Greenhouse v. MCG Capital Corp., 392 F.3d 650, 655 (4th Cir 2004). A motion to dismiss should be granted if the complaint itself fails to allege the elements for a cause of action or facts sufficient to support such elements. Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.), cert. denied, 540 U.S. 940 (2003). Moreover, "allegations must be stated in terms that are neither vague nor conclusory." Estate Constr. Co. V. Miller & Smith holding Co., 14 F.3d 213, 220 (4th Cir. 1994).

In this case, Plaintiff has failed to assert a cognizable claim before this Court. North Carolina does not have an action for educational malpractice, nor does the amended complaint fulfill the requirements for an action for racial discrimination. There is no need for the Court to analyze the 17(b) claim.

Accordingly, the Defendants' Motion to Dismiss is hereby GRANTED.

IT IS SO ORDERED.

Signed: November 9, 2006

Graham C. Mullen
United States District Judge